[Cite as *State v. Wilcox*, 2013-Ohio-3369.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| PAUL M. WILCOX, III | : | Case No. 2013CA0006 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 12-CR-0067


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                August 1, 2013


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

BENJAMIN E. HALL                            DAVID L. BLACKWELL
318 Chestnut Street                         3405 Curtis Road, SE
Coshocton, OH  43812                        New Philadelphia, OH  44663

*Farmer, J.*

{¶1}　On July 23, 2012, the Coshocton County Grand Jury indicted appellant, Paul Wilcox, III, on two counts of theft in violation of R.C. 2913.02.　Said charges involved the theft of semi tractor-trailers.

{¶2}　On October 23, 2012, appellant filed a motion to suppress, claiming an unlawful search and seizure of his vehicle due to a police officer placing a GPS tracking device on the vehicle.　The GPS unit was authorized to be placed on appellant's vehicle via an entry signed by a Coshocton County municipal court judge.　A hearing was held on November 15, 2012.　By judgment entry filed November 28, 2012, the trial court denied the motion.

{¶3}　On December 13, 2012, appellant pled no contest to amended counts of theft.　The trial court found appellant guilty.　By judgment entry filed February 4, 2013, the trial court sentenced appellant to an aggregate term of seventeen months in prison.

{¶4}　Appellant filed an appeal and this matter is now before this court for consideration.　Assignments of error are as follows:

I

{¶5}　"THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS THE SEARCH WARRANT."

II

{¶6}　"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO SUPPRESS THE SEARCH WARRANT."

III

{¶7}  "THE TRIAL COURT'S DENIAL OF THE APPELLANT'S MOTION TO SUPPRESS THE SEARCH WARRANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II, III

{¶8}  Appellant claims the trial court erred in denying his motion to suppress the search warrant as the affidavit for the warrant was insufficient to establish probable cause.  Appellant claims the decision was an abuse of discretion and against the manifest weight of the evidence.  We disagree.

{¶9}  There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist. 1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist. 1993).  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams,* 86 Ohio App.3d 37 (4th Dist. 1993).  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in

any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist. 1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist. 1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶10} An affidavit was filed with the application for the search warrant to install a GPS device on appellant's vehicle. Appellant argues the affidavit failed to provide a nexus between his vehicle and the criminal activity being investigated (theft of tractor-trailers). To support this argument, appellant pointed to seventeen areas in the affidavit which were insufficient.

{¶11} In its judgment entry filed November 28, 2012, the trial court found the following:

The Court finds that the affidavit in question contains sufficient probable cause upon which a court would issue a search warrant. In general, the affidavit leads to probable cause through a relatively logical explanation of how the defendant was connected to the theft of several semi-tractors and trailers. Although the affidavit may not be worthy of a literary prize, the Court recognizes that affidavits in support of search warrants are often completed in haste, and there is no law which requires perfection. In summary, it is clear from reading the affidavit that the issuing Court made a practical and common sense decision that probable

cause existed for the placement of a GPS tracking device on the defendant's motor vehicle.

{¶12} As this court explained in *State v. Harrington,* 5th Dist. Fairfield No. 12-CA-31, 2013-Ohio-1864, ¶ 11:

The Fourth Amendment takes its historic roots from the use by the colonial government of general search warrants (Writs of Assistance).  As a result, our Constitutional framers determined that a violation of privacy is only reasonable by a warrant "supported by probable cause and specifically describing the place to be searched and the thing to be seized."  Katz, *Ohio Arrest, Search and Seizure,* Section 1:4, at 13 (2009 Ed.).

{¶13} This court then quoted the following from *State v. George,* 45 Ohio St.3d 325 (1989), paragraphs one and two of the syllabus, following *Illinois v. Gates,* 462 U.S. 213 (1983):

In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay

information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a *de novo* determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.

{¶14} In *Harrington,* we adopted a two-step approach. First, is the vehicle described with specificity as to location and identity? We answer this question in the affirmative. The warrant sufficiently described the vehicle by VIN number, ownership, and its commonly found location (659½ Ash Street in Coshocton, Ohio).

{¶15} Secondly, did the affidavit set forth specific facts and observations that clearly met the probable cause standard? From a reading of the affidavit in total, we find the following facts were alleged. The criminal investigation involved the theft of semi tractor-trailers in Coshocton, Holmes, Tuscarawas, and Knox Counties. Appellant

was taken into custody on April 15, 2012 after he was found to be a passenger, along with his wife, in a stolen tractor-trailer. The operator of the stolen tractor-trailer was Lucas Fine who resided at the 659½ Ash Street address with appellant and appellant's wife. Both appellant and Mr. Fine had previously been convicted of tractor-trailer thefts.

{¶16} Throughout June and July, several tractor-trailers were stolen. This criminal activity resulted in police surveillance of appellant and Mr. Fine, their residence, and two trucking firms where the thefts occurred. On June 8, 2012, a tractor-trailer was stolen from Knox County and later abandoned in Coshocton County at approximately 2:30 a.m. Appellant and his wife were observed returning to their residence at approximately 2:20 a.m. Earlier in the morning, at approximately 12:30 a.m., a Mt. Vernon police sergeant stopped appellant and his wife in their vehicle in Knox County. The abandoned stolen tractor-trailer was discovered and appellant's wife's cell phone was found in the stolen tractor-trailer, as well as a jacket previously seen on Mr. Fine.

{¶17} Appellant argues these facts were insufficient to link his vehicle to the crimes. First, the affidavit established a criminal enterprise of stealing tractor-trailers. Second, appellant and his wife were found in a stolen tractor-trailer. Third, after a string of thefts, appellant and his wife were seen driving their vehicle. Fourth, appellant and his wife were stopped while driving their vehicle in the county of the most recent tractor-trailer theft. Fifth, appellant and his wife arrived at their residence just before said tractor-trailer was abandoned in the county of their residence. Sixth, appellant's wife's cell phone and Mr. Fine's jacket were found in the abandoned stolen tractor-trailer.

{¶18} The facts and circumstances alleged in an affidavit must be sufficient to give a neutral magistrate the ability to draw inferences from the facts alleged. We find

from the facts stated in the affidavit, inferences that appellant and his wife, via their own transportation, facilitated the theft of the tractor-trailers.

{¶19}  Upon review, we conclude the trial court was correct in finding sufficient probable cause in the affidavit to substantiate the issuance of the GPS warrant.

{¶20}  Assignments of Error I, II, and III are denied.

{¶21}  The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

_____
Hon. Sheila G. Farmer


_____
Hon. W. Scott Gwin


_____
Hon. Craig R. Baldwin

SGF/sg 722

[Cite as *State v. Wilcox*, 2013-Ohio-3369.]

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| PAUL M. WILCOX, III | : | |
| Defendant-Appellant | : | CASE NO. 2013CA0006 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed. Costs to appellant.

_____
Hon. Sheila G. Farmer


_____
Hon. W. Scott Gwin


_____
Hon. Craig R. Baldwin